***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Cincinnati Insurance Company is the carrier on risk.
3. An employee-employer relationship existed between the parties at all relevant times.
4. On September 22, 1999, plaintiff suffered an injury by accident within the course and scope of his employment when he injured his back while moving a dolly of furniture.
5. On August 22, 2000, plaintiff underwent a posterior spine fusion with segmental instrumentation performed by Dr. Timothy W. McGowen.
6. Plaintiff's average weekly wage was $766.69, yielding a compensation rate of $511.12.
7. Defendants have paid all temporary total disability benefits owing since the date of the accident and continue to pay temporary total disability benefits to plaintiff.
8. The issues for determination are:
 (a) Whether plaintiff's August 22, 2000 surgery and follow-up care were caused by the September 22, 1999 injury at work?
 (b) Whether plaintiff's total disability since the August 22, 2000 surgery was caused by the September 22, 1999 injury at work?
9. The parties stipulated to the following documents which were received into evidence:
 (a) A Pre-Trial Agreement, with plaintiff's medical records attached as Exhibit A, was admitted as Stipulated Exhibit 1.
 (b) Industrial Commission Form 18 and Form 19 were admitted as Stipulated Exhibit 2.
10. The deposition of Dr. Timothy W. McGowen is a part of the evidentiary record in this matter.
 ***********
Based upon the evidence of record, the Full Commission finds as fact the following:
 FINDINGS OF FACT
1. Plaintiff, a forty-one year old male, was employed as an interior design assistant and show room manager. Plaintiff's duties included moving and installing furniture in customers' homes.
2. Plaintiff has pre-existing scoliosis, an abnormal curvature of the spine, for which he has been monitored and treated conservatively since 1995 by Dr. Timothy W. McGowen, an orthopedic surgeon specializing in spinal disorders and spinal surgery.
3. On September 17, 1999, five days before his injury by accident at work, plaintiff presented to Dr. McGowen with back pain that plaintiff attributed to a non-work related event in which he drove a long distance and moved household furniture. Plaintiff had no symptoms of radiation at this time.
4. On September 22, 1999, plaintiff sustained an injury by accident to his back in the course and scope of his employment with defendant-employer when he was moving a dolly of furniture.
5. On September 24, 1999, two days after the work-related injury, plaintiff presented to Dr. Davis and indicated that after a long distance trip he felt soreness and stiffness but after a couple of days off plaintiff was improved. However, when plaintiff returned to work and lifted heavy furniture and equipment, he felt a severe pulling in his lower back. At this visit plaintiff reported no radiating symptoms but reported experiencing pain and spasms in his back since the injury. Plaintiff was diagnosed with severe back pain and spasm and placed on strict bed rest for at least a week. Plaintiff again presented to Dr. Davis two weeks later complaining of persistent back pain and decreased sensation in his legs bilaterally as well as coldness in both feet. As a result, Dr. Davis referred plaintiff to an orthopaedic surgeon, Dr. John Whitley, who first saw plaintiff on October 18, 1999. Dr. Whitley ordered a myelogram and CT scan which did not reveal a disc herniation. Therefore, Dr. Whitley advised plaintiff to continue his treatment with Dr. McGowen.
6. Dr. McGowen indicated that plaintiff injured a disc in the curved region of his back and that this injury was an aggravation of plaintiff's pre-existing condition resulting in plaintiff's pain and eventually back surgery. Although Dr. McGowen was unsure as to which event in September 1999 caused plaintiff's disc injury and consequent increased pain, Dr. McGowen felt that the surgery was necessitated by a disc injury and increased pain which culminated in the need for the scoliosis surgery.
7. The greater weight of the lay and medical evidence of record, including plaintiff's testimony, Dr. Davis' medical records and the testimony of Dr. McGowen, indicates that plaintiff sustained an injury to a disc in the curve of his spine on September 22, 1999 while moving a dolly of furniture at work which resulted in back pain, an aggravation of plaintiff's pre-existing scoliosis and eventually plaintiff's back surgery of August 22, 2000.
8. As a result of plaintiff's September 22, 1999 injury by accident and consequent surgery, plaintiff has been unable to work in any employment since August 22, 2000.
9. As of April 4, 2001, the date of Dr. McGowen's deposition, plaintiff had not yet reached maximum medical improvement which Dr. McGowen indicated he would be hesitant to assess until at least a year after plaintiff's August 22, 2000 surgery.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. The greater weight of the evidence of record establishes a causal relationship between plaintiff's injury by accident of September 22, 1999 and his back surgery on August 22, 2000. N.C. Gen. Stat. § 97-2(6).
2. As a result of his injury by accident and related surgery, plaintiff is entitled to temporary total disability after August 22, 2000 and continuing until plaintiff returns to work at the same or greater average weekly wage or until further order of the Commission. N.C. Gen. Stat. § 97-29.
3. Subject to the limitations of N.C. Gen. Stat. § 97-25.1, plaintiff is entitled to payment of all reasonably necessary medical treatment for his September 22, 1999 injury by accident, including the August 22, 2000 surgery, for so long as such treatment tends to effect a cure, provide relief or lessen the period of plaintiff's disability. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee, defendants shall pay to plaintiff temporary total disability benefits after August 22, 2000 and continuing until plaintiff returns to work at the same or greater wages or until further order of the Commission.
2. Subject to the limitations of N.C. Gen. Stat. § 97-25.1, defendants shall pay for all reasonably necessary medical treatment for plaintiff's September 22, 1999 injury by accident, including the August 22, 2000 surgery, for so long as such treatment tends to effect a cure, provide relief or lessen the period of plaintiff's disability. N.C. Gen. Stat. § 97-25.
3. A reasonable attorney's fee in the amount of 25% of the compensation due plaintiff is hereby allowed to be paid directly to plaintiff's counsel in one lump sum of the accrued amount due plaintiff and thereafter by deducting every fourth compensation check due plaintiff.
4. Defendants shall pay the costs due the Commission.
This the _____ day of April 2002.
 S/_____________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________________________ THOMAS J. BOLCH COMMISSIONER
S/_____________________________ LAURA K. MAVRETIC COMMISSIONER